### ROBERTS v. KORNBLUM.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

LANDLORD AND TENANT (§ 169*)— INJURIES TO PROPERTY OF TENANT — NEGLIGENCE OF LANDLORD.

In an action by a tenant of a store for damages to a stock of goods, alleged to have been caused by the landlord's negligence, evidence *held* not to justify a finding for plaintiff.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 665; Dec. Dig. § 169.*]

Jenks and Miller, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Frank Roberts against Annie Kornblum. From a judgment for plaintiff, rendered after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Louis E. Schapiro, for appellant.

Edmund Fletcher Driggs, for respondent.

RICH, J. This is an appeal from a judgment in an action brought to recover damages alleged to have been sustained through the negligence of the defendant. The plaintiff was a tenant of defendant, occupying the ground floor of a building owned by her as a store. She occupied the floor over him as a residence.

The plaintiff testified that some time in August he heard a pounding in the defendant's apartments, and small portions of the plaster ceiling fell in his store; that he went upstairs and called the defendant's attention to it, and asked what was the matter with the ceiling, and she told him it was none of his business; that the day after the pounding was resumed, the ceiling broke, and dirty water ran through it onto his stock of goods and fixtures, damaging them to the extent of $522. His wife, whom he called, testified to an entirely different transaction. She says that when the knocking was heard her husband said to the workmen, "Come right in;" that a workman came in, got up on a stepladder to fix the ceiling, and broke a pipe from which the water that flooded the store came. They both testify that after the flooding the plaintiff went upstairs and had the defendant come down-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stairs and look at the condition of things. The defendant denies any knowledge of such a transaction. I am unable to find sufficient evidence of negligence on the part of the defendant to support the judgment. It is against the weight of the evidence, and must be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur, except JENKS and MILLER, JJ., who dissent.